```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
1199 SEIU UNITED HEALTHCARE              :
WORKERS EAST,                            :
                                         :
                 Plaintiff,              :        REPORT AND
                                         :        RECOMMENDATION
        -against-                        :
                                         :        15-CV-483 (MKB)(PK)
                                         :
FAR ROCKAWAY NURSING HOME,               :
                                         :
                 Defendant.              :
                                         :
---------------------------------------------------------------- x
```

**Peggy Kuo, United States Magistrate Judge:**

Plaintiff 1199 SEIU United Healthcare Workers East brought this action against Defendant Far Rockaway Nursing Home to confirm a labor arbitration award pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (See Compl., Dkt. 1.) Before this Court on referral from the Honorable Margo K. Brodie is Plaintiff's Motion for Default Judgment. (See Dkt. 10; November 2, 2015 Order.) For the reasons stated herein, this Court respectfully recommends that the Motion for Default Judgment be granted and judgment be entered for Plaintiff in the amount of $215,282.40, plus 12% interest per annum running from November 11, 2014 to the date of full payment.

## BACKGROUND

Plaintiff is a labor organization, some of whose members are or were employees of Defendant. Pursuant to a Collective Bargaining Agreement ("CBA"), Defendant is required to make monthly contribution payments to various benefit funds of Plaintiff, which provide eligible employees and retirees with health and pension benefits, childcare, supplemental unemployment, and other benefits. (Compl., ¶8, Dkt. 1.) On September 12, 2014, Plaintiff made an arbitration demand under the CBA, alleging that Defendant failed to make such payments from June 1, 2014,

resulting in the loss of benefit coverage for Plaintiff's members employed by Defendant.[1] (Compl., ¶¶10-11, 16-17, Dkt. 1.) On November 11, 2014, an independent arbitrator awarded Plaintiff $215,282.40 for the total amount that Defendant owed from June 1, 2014 through September 30, 2014, plus interest of 12% per annum, running from the date of the award. (*Id.*; Award of Impartial Chairman, Dkt. 11-2.) Defendant has yet to pay that award. (Compl., ¶¶18, Dkt. 1.)

Plaintiff commenced this lawsuit by filing the Complaint on January 30, 2015. (Dkt. 1.) The Summons and Complaint were served upon Defendant, to the attention of Defendant's Controller, by personal service and by mail to Defendant's last known business address on March 18, 2015. (See Aff. of Personal Service, Dkt. 5; Aff. in Supp. of Mot. for Default J., ¶ 7, Dkt. 11; Motion Hearing, November 24, 2015.) Defendant's Answer was due by April 8, 2015. (Dkt. 5.) Defendant has not answered or otherwise responded to the Complaint. (Aff. in Supp., ¶9, Dkt. 11.) On August 14, 2015, Plaintiff requested a Certificate of Default pursuant to Fed.R.Civ.P. 55(a). (Dkt. 8.) An Initial Conference was held on August 15, 2015, and Defendant did not appear. (See Minute Entry, Dkt. 7.) On August 25, 2015, the Clerk of Court entered a Certificate of Default. (Dkt. 9.) Plaintiff moved for Default Judgment pursuant to Fed.R.Civ.P. 55(b) on September 8, 2015, and mailed a copy of the notice to Defendant. (Dkt. 10.)

The Motion for Default Judgment was referred to the undersigned for a Report and Recommendation. (November 2, 2015, Order.) A hearing on the motion was held on November 24, 2015. (November 9, 2015, Scheduling Order; November 24, 2015, Minute Entry.) Plaintiff served notice of the hearing by mail and e-mail to Defendant. (November 24, 2015, Minute Entry.) Defendant failed to appear at the Motion Hearing. (*Id.*)

---

[1] Failure to make payments from March 1, 2013 through May 31, 2014 was the subject of a previous arbitration award.

**DISCUSSION**

I.  **Entry of Default**

Federal Rule of Civil Procedure 55 requires that, when a defendant has failed to file a timely answer, a party seeking a default judgment must first secure an entry of default from the Clerk's Office, and then move for default judgment. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). Plaintiff requested and received a Certificate of Default. (Dkt. 9.) This Motion for Default Judgment is therefore properly before the Court.

II. **Jurisdiction**

The court from which default judgment is sought must assure itself that it has subject matter jurisdiction over the action. *See Mickalis*, 645 F.3d at 125-26; *see also Jennifer Matthew Nursing & Rehab. Ctr. v. U.S. Dep't of Health & Human Servs.*, 607 F.3d 951, 955 (2d Cir. 2010). The court may also inquire as to whether it has personal jurisidiction. *See Mickalis*, 645 F.3d at 133; *see Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010).

Subject matter jurisdiction is found pursuant to Section 301(a) of the LMRA, which states, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce[2]…may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 403 (1988).

Additionally, this Court has personal jurisdiction because Defendant operates a nursing home and maintains offices within the Eastern District of New York. (Compl., ¶5.)

III. **Service**

The defaulting party must have been properly served by the plaintiff with the Summons and

---

[2] The Employees' work is in "an industry affecting commerce" within the meaning of the LMRA. (Compl., ¶5.)

3

Complaint. *See Advanced Capital Commercial Group, Inc. v. Suarez*, No. 09-CV-5558 (DRH)(GRB), 2013 WL 5329254, at *2 (E.D.N.Y. Sept. 20, 2013).

Plaintiff has made a *prima facie* showing of proper service of the Summons and Complaint on Defendant with a process server's Affidavit of Service. *See Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). Plaintiff also served Defendant with a copy of the Notice of Motion for Default Judgment, and with notice of the hearing on the Motion for Default Judgment, as required by Local Rule 55.2. Defendant has failed to answer, respond, or appear in any way.

## IV.    Liability

When considering whether to grant a default judgment, the court must determine whether the allegations establish liability as a matter of law. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The court accepts as true the well-pleaded allegations of the Complaint as to liability, drawing all reasonable inferences in favor of the plaintiff. *See Finkel*, 577 F.3d at 84; *see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155 (2d Cir. 1992).

Applying this standard, the Court finds that Plaintiff's facts are sufficient to support a claim for relief, namely that there is an arbitration award that Defendant has not paid to Plaintiff. (Dkt. 11-2.)

## V.    Damages

To reach a conclusion as to damages, the court relies on documentary evidence and detailed affidavits. *See Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991). Although not required to, the court held a hearing. *See id.* (November 24, 2015, Minute Entry.)

Plaintiff has supported its claim for damages with two forms of evidence. Plaintiff has provided documentary evidence of the arbitration award. (Dkt. 11-2.) In addition, Plaintiff

4

provided an affirmation as to the basis for that award through its counsel at the hearing before this Court. This Court finds that the documentary evidence and the oral affirmation form a sufficient basis for the damages Plaintiff is seeking. Those damages are the total amount of the arbitration award: $215,282.40, plus interest accruing at a rate of 12% per annum from the date of the award, November 11, 2014.

## CONCLUSION

Based on the foregoing, this Court respectfully recommends that the Motion for Default Judgment be granted and judgment be entered for Plaintiff in the amount of $215,282.40, plus interest accruing at a rate of 12% per annum from November 11, 2014. Plaintiff is directed to serve a copy of this Report and Recommendation on Defendant by certified mail.

Written objections to this Report and Recommendation must be filed within 14 days of service of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72(b); *see Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

SO ORDERED:

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
July 8, 2016

5